UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

\----------------------------------------------------------

JAMES MORRISSEY, Special Agent
Department of Homeland Security

**Case: 1:25–cv–01297   JURY DEMAND**
**Assigned To : Chutkan, Tanya S.**
**Assign. Date : 4/28/2025**
**Description: Employ. Discrim. (H–DECK)**

COMPLAINT

                         Plaintiff,

TRIAL BY JURY
DEMANDED

         - against -

Kristi Noem, Secretary
Department of Homeland Security

                         Defendants.

\---------------------------------------------------------------------------- x

Plaintiff James P. Morrissey, by his Complaint against defendant Kristi Noem, Secretary,

Department of Homeland Security (Defendant) alleges the following:

## **INTRODUCTION**

1.       This civil rights action is brought by the Plaintiff against Kristi Noem, Secretary,

Department of Homeland Security (Defendant), for declaratory relief and to enforce the

Rehabilitation Act, 42 U.S.C. 12101, et seq., and for declaratory relief, equitable relief,

compensatory and punitive damages and other relief, to redress violations of Plaintiff's

rights, privileges and immunities under the United States Constitution, and to redress the

acts of discrimination, reprisal and retaliation against Plaintiff in violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

1

2.      Plaintiff has been subjected to materially adverse employment actions based on his disability. Defendant(s) did discriminate against the plaintiff based on his disability, in violation of the Rehabilitation Act, Title 1 of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. 12111-12117, and the plaintiff did engage in retaliation against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under 42 U.S.C. 12117(a), 42 U.S.C. 12203, 42 U.S.C. 2000e-5(f) and 28 U.S.C. 1331 and 1345.

2.      This Court has authority to grant a declaratory judgment as well as further necessary or property relief based on a declaratory judgment pursuant to 28 U.S.C. 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. 12117(a).

3.      Venue is properly laid in the District of Columbia 28 U.S.C. 1391 because the Defendant Kristi Noem is located in this judicial district, the District of Columbia, and because parts of the events and omissions giving rise to the claims set forth herein occurred in the District of Columbia, Virginia, New Jersey, Florida, and New York.

4.      Plaintiff timely pursued all applicable administrative remedies.

## JURY TRIAL DEMAND

3.      Plaintiff demands a trial by jury in this action.

## PARTIES

4.      Plaintiff, James P. Morrissey, is employed as a Special Agent with the U.S. Department of Homeland Security.

## DEFENDANTS

5.      Defendant, Kristi Noem, Secretary, Department of Homeland Security, at all times relevant herein, serves as the Secretary of Homeland Security. At all relevant times hereto, defendant Kristi Noem is a Homeland Security official and was acting under the color of law.

## FACTS

7.      Plaintiff has been employed by the Department of Homeland Security (and its predecessor agency, the U.S. Immigration and Naturalization Service) since on or about November 21, 1999. During his tenure, Plaintiff has been stationed in New York, Maine, Dublin, Ireland, New Jersey, Florida and Washington, D.C. Plaintiff is employed as a Special Agent assigned to Immigration and Customs Enforcement, Homeland Security Investigations, New York, N.Y. office. Plaintiff has performed his work as a Special Agent in a satisfactory, if not exemplary manner.  Plaintiff rose through the ranks from a GS-9 to a

GS-13 Special Agent. Plaintiff received commendations and awards and has been and is regarded as a dependable employee.

6.        On or about September 6, 2018, the plaintiff was operating a government owned vehicle (GOV), the plaintiff was struck in the back of the GOV, by another vehicle. The operator of the other vehicle that struck the GOV was criminally charged with reckless driving causing bodily injury.

7.        Sometime in approximately October or November 2022, plaintiff began feeling ill and began having issues controlling his bladder. On or about, December 25, 2022 (Christmas day), plaintiff fell down a flight of stairs at his residence.

8.        The circumstances of that event are as follows; plaintiff was traveling down a staircase, and as he began to travel down the staircase he lost feeling in his lower body, feeling as if he did not have legs. Which caused the plaintiff to fall down the staircase.

9.        On another occasion between the week of Christmas day and New Years Day, the plaintiff was traveling to Buffalo, New York. During the plaintiff's travels, plaintiff stopped at a rest area and while walking out of the rest area, the plaintiff fell to the floor, feeling again as if he had no legs.

10.        On or about April 3, 2023, plaintiff underwent major surgery to have a metal plate with screws inserted into the cervical portion of his spine, to repair damage. The damage to the plaintiff's cervical portion of his spine, had been causing numbness and weakness in the plaintiff's body, severe nerve pain and tingling to plaintiff's body. The conditions were the result of compression on the plaintiff's spinal cord, and the result of an undetected injury to the plaintiff's cervical spine.

11.     Following the surgical procedure, the doctor (orthopedic surgeon) determined that the undetected neck injury the plaintiff was suffering from, was the result of an automobile accident (*while plaintiff was operating a GOV*) the plaintiff was involved in, on approximately September 5, 2018.

12.     On or about May 3, 2023, the plaintiff contacted his Supervisor David Loerzel by phone and requested a reasonable accommodation/light duty assignment in order that he be allowed to return to work, in accordance with the agency policy, the Rehabilitation Act of 1973, and executive order 13164. The plaintiff advised David Loerzel that the plaintiffs Dr. stated that the plaintiff's injuries were as the result of a vehicle accident the plaintiff was involved in, while the plaintiff was operating a GOV.

13.     On or about May 3, 2023, the plaintiff sent his Supervisor David Loerzel an email which reads;

*"Dave*

*How's it going? Hope all is well. Sorry this letter is late, but this is the letter from the surgeon. He said I could do light duty after six (6) weeks, but I let him know Tampa does not have that available. As you can see he said regular work is a no go.*

*Thank you*
*Jimmy"*

14.     The plaintiff's Dr. advised that the plaintiff could return to work with a modified/light duty assignment. David Loerzel stated that, *"HSI Tampa management does not offer a light duty assignments"*. David Loerzel was well aware that a medical doctor validated that the injuries where work related, and he was well aware that he was in violation of agency policy, the Rehabilitation Act of 1973, and executive order 13164.

15.     On or about July 19, 2023, David Loerzel sent the plaintiff a text message, while which reads; *"Hi Jimmy – sorry to bother you again. Since the last Dr. note said no-go until July 7, does that mean you're cleared now? I thought you said there were still complications with your recovery, but I didn't see a new note from the Dr. so I just wanted to double check..."*

*16.*     On or about July 19, 2023, the plaintiff responded to the email sent by David Loerzel and stated; *"From what I remember his note said until he sees me on July 7th. When I saw him then, he said I still can not go back to work because I am not healing, and this is definitely a work related injury. I had my throat cut open, and a metal plate with six screws put in my cervical spine and I still can't swallow right because of a job related injury. I can go back to work, but Tampa does not provide a reasonable accommodation while I am potentially recovering. Is Tampa/MAYORKAS doing this because I filed a lawsuit? Believe me I WISH I was not going through this, it is terrible, and this is exactly why DHS sucks. DHS kicks you while you are down. This is a job related injury per the DR"*

> *Note: The plaintiff is refencing civil action 1:23-cv-01891-TJK,*
>
> *Which is related to DHS' violations of the ADA*

17.     On or about July 19, 2023, the plaintiff made it very clear that he was requesting and had been requesting prior to this text message; *"...**I can go back to work, but Tampa does not provide a <u>reasonable accommodation</u> while I am potentially recovering**..."* A reasonable person can see that conversation regarding a reasonable accommodation had come up between David Loerzel and the plaintiff, prior to this text message.

18.      At this point in time the plaintiff had requested a reasonable accommodation from David Loerzel, pursuant to law, regulation and agency policy, on multiple occasions both verbally and in writing, David Loerzel, in violation of Federal law denied the plaintiffs multiple reasonable accommodation requests. As the EEO investigator correctly pointed out, even if David Loerzel was being told to deny the plaintiff lawful request, by his superiors, David Loerzel made the willful choice to violate the law.

19.      On or about September 12, 2023, the plaintiff contacted DHS/HSI management at another DHS/HSI location where he previously worked and was granted a reasonable accommodation on two other occasions (*2011/2018*) by DHS/HSI management. That office advised that DHS/HSI Tampa management, and David Loerzel were in violation of DHS policy and Federal law.

20.      On or about September 12, 2023, the plaintiff received an email chain which was initiated on or about June 27, 2023, in which a Human Resource Specialist, from the Office of Human Capital, sent an email with Subject title; "*CA-17 Forms and Light Duty Positions*"

21.      In that email chain, the Human Resource Specialist, wrote, "*….We are not seeing written light/modified duty job offers in the file. I have attached a temporary job offer that can be modified. Please make sure to disseminate this as well.*"

22.      On or about June 29, 2023, Angela A. Alfred, from Workers' Compensation Program (East Coast), HSI Workforce Management Programs & Planning, wrote in an email, "*Hello POCs,….Offer light duty assignment for all injured employees returning to duty after injury with medical restrictions and can work light duty. All light duty assignments must be written and accepted by the employee.*"

23.     HSI Tampa management under the direction of SAC John Condon, down through David Loerzel are in violation of the plaintiff's rights that all other employees of DHS are entitled to enjoy. The current administration encourages employee to return to work, and rightly so, the plaintiff requested to return to work and was illegally denied the opportunity to return to work by the civil rights violators in HSI Tampa management, despite DHS policy to get injured employees back to work as soon as possible.

24.     On or about October 5, 2023, Mary C. Brock, DHS-ICE-HSI, sent an email to David Loerzel, Jessica Fonda, and the plaintiff, which reads; *"Mr. Morrisseys' initial claim in 2018 was administratively closed/suspended, which prevented any benefits from being issued. The Department of Labor (DOL) is currently awaiting receipt of the medical exam report from the second opinion examination conducted on 9/28/2023. This report is needed for DOL to make a decision on his new claim for Recurrence. The report can take up to 30 days to be received by DOL. Within this timeframe, Reasonable Accommodations can be an option until Mr. Morrisseys' claim has been officially approved. Reasonable Accommodations is something separate and apart from workers' compensation and will not affect his case."*

25.     Exactly what the plaintiff had been telling the civil rights violators from DHS/HSI Tampa management to include David Loerzel, but the DHS/HSI Tampa Management team were to concentrated on violating the plaintiff's rights. *"...**Within this timeframe, Reasonable Accommodations can be an option until Mr. Morrisseys' claim has been officially approved. Reasonable Accommodations is something separate and apart from workers' compensation and will not affect his case...**"* The plaintiff told this to David Loerzel on multiple occasions and advised David Loerzel the

agency provided reasonable accommodation to the plaintiff in 2011 and 2018, …David Loerzel is an agency policy violator and a civil rights violator.

26.      In his statement on October 2, 2024, to the EEO investigator, David LOERZEL stated that he allegedly started the "*interactive process*" with the plaintiff on or about October 10, 2023, which is five (5) months after the plaintiff requested a Reasonable accommodation.

27.      David Loerzel only started the "*interactive process*" on or about October 10, 2023, after Mary C. Brock on October 5, 2023, told him he was wrong and there was another option, which is reasonable accommodation, just as the plaintiff had been telling him all along.

28.      A reasonable person can look at the situation, and draw the conclusion that if you can engage in the "*interactive process*" in October, why didn't David Loerzel do so in May? David Loerzel is deliberately attempting to conceal his violation of agency policy, the Rehabilitation Act of 1973, and executive order 13164, and lie to cover up his wrong doing.


**FORMAL EEO FILED**

**STATEMENTS BY DHS HSI MANAGEMENT OFFICIALS**

**REGARDING THEIR VIOLATIONS OF**

**AGENCY POLICY, THE REHABILITATION ACT OF 1973,**

**AND EXECUTIVE ORDER 13164**

29.     On or about October 2, 2024, David LOERZEL was requested to answer questions in connection with the EEO the plaintiff filed against him in connection with his violation of agency policy, the Rehabilitation Act of 1973, and executive order 13164.

30.     Question 16., *"Complainant alleged reprisal based on his opposition to discrimination and requesting a reasonable accommodation. Complainant stated that reprisal was based on requesting a reasonable accommodation on multiple occasions and management unlawfully denied the request for a reasonable accommodation to return to work. Complainant further alleged reprisal based on his opposition to discrimination stating that during an extensive phone conversation with David Loerzel, (GS), he had advised him he was in violation of federal law and agency not providing Complainant with a reasonable accommodation. Complainant said Mr. Loerzel responded, "Tampa, FL does not offer a modified/light duty assignment", which Complainant believed to be a lie.", "a., were you involved in this matter? If so, please explain how you were involved and when you were involved."*

31.     The response provided by David Loerzel is just absolute rubbish, and filled with lots of fairy tales. On such fairy tale by David Loerzel reads, *"Knowing this information, we (SA Morrissey, SAC Tampa Management, Employee and Labor Relations (ELR), Office of the Principal Legal Advisor (OPLA)) worked diligently to ensure that the process for filing an OWCP claim was being completed."* Lies…the plaintiff has never worked with anyone David Loerzel has mentioned, and the only thing the law breakers from SAC HSI Tampa Management did was deny the plaintiff's request for a reasonable accommodation to return to work.

32.      The plaintiff told David Loerzel on multiple occasions about utilizing *…reasonable accommodation…*, in order that the plaintiff could return to work, and that SAC HSI Newark used this method on two (2) previous occasions in 2011 and 2018 for the plaintiff to return to work. David Loerzel was hell bent of violating the law and the plaintiff's rights.

33.      In the same response by David Loerzel on October 2, 2024, he writes, *"On October 5, I spoke to SA Morrissey about requesting a reasonable accommodation as per Ms. Brock's email."* An admission by David Loerzel of his guilt, again if a reasonable accommodation could be given in November if could have been done in May.

34.      What happened was that David Loerzel, was an arrogant civil rights violator and just got caught violating agency policy, the Rehabilitation Act of 1973, and executive order 13164, ….so an obvious attempt by David Loerzel to cover up his illegal behavior, and for him to lie about when ….Reasonable accommodation….. came into the equation.

35.      The plaintiff requested a Reasonable accommodation verbally on multiple occasions from David Loerzel, the text communication on July 19, 2023, between the plaintiff to David Loerzel clearly states; *"…I can go back to work, but Tampa does not provide a **reasonable accommodation** while I am potentially recovering."* Those words are very very clear, …David Loerzel is NOT telling the truth, and he is clearly trying to cover up his civil rights violations and illegal behavior.

36.      Then on page six of David Loerzel's statement he writes; *"The request, as I understood it until October 5, 2023, from SA Morrissey was for a light-duty assignment due to workplace-related injury, not for a reasonable accommodation."* Absolute lie …..from David Loerzel, …..the text message on his government issued phone on July 19,

2023, from the plaintiff clearly beyond a reasonable doubt reads; *"...I can go back to work, but Tampa does not provide a **reasonable accommodation** while I am potentially recovering..."*, and the plaintiff made multiple verbal requests for a reasonable accommodation, and a verbal request is all the plaintiff is required to make by law and policy.

37.      The Plaintiff requested reasonable accommodation from HSI Newark management in 2011 and 2018 and was granted the reasonable accommodation request. Clearly HSI Newark follows agency policy, the Rehabilitation Act of 1973, and executive order 13164 and HSI Tampa management and David Loerzel violates agency policy, the Rehabilitation Act of 1973, and executive order 13164 and then lies about their violations on sworn statements.

38.      Also important to note, if the plaintiff initiated contact to file an EEO in this matter on August 11, 2023, for HSI SAC Tampa's violations of agency policy, violations of the Rehabilitation Act of 1973, and executive order 13164, for their failure to provide a reasonable accommodation to the plaintiff. Then this further validates that David Loerzel is attempting to conceal his illegal behavior and has lied under oath on a sworn statement, ...August comes before October. The plaintiff definitely requested a reasonable accommodation from David Loerzel in the very beginning, back in May, David Loerzel is lying.

39.      Sometime in November 2023, the plaintiff and David Loerzel, had a *conversation* in David Loerzel's office about HSI Tampa managements and David Loerzel's violation of the plaintiff's rights. David Loerzel responded to the plaintiff, while holding both his hands on top of his firearms and twisting and turning his body.

David Loerzel stated to the plaintiff, …"*Can you do this, Can you do this*"…., and the plaintiff responded .."*yes I can*"… HSI Tampa management along with Resident Agent in Charge (RAC) John Yancey, allows David Loerzel to make unlawful and illegal medical diagnosis.

40.     On or about October 4, 2024, John Yancey was asked a question on his statement regarding the EEO filed by the plaintiff. John Yancey was asked, on page 9 of his sworn statement, question 33., *What was Complainant's status between May 3, 2023 through November 13, 2023?*", response by Yancey, "*The complainant was not medically cleared to work and was awaiting acceptance by OWCP for the option of a light duty return. The complainant was on leave status from May 3, 2023, until November 14, 2023, although the complainant was permitted to return to work on November 3, 2023.*"

41.     The response by John Yancey is not true, the plaintiff could have returned to work with a modified duty schedule based on a reasonable accommodation, which John Yancey did not provide to the plaintiff until November. The plaintiff was not medically cleared to return to full duty until February 2024. If it was provided in November, it could have been provided in May. John Yancey is deliberately attempting to conceal his unlawful and illegal violations of agency policy, the Rehabilitation Act of 1973, and executive order 13164

42.     HSI Tampa management was also assigning the plaintiff work between those months that needed to be completed on the computer, which the plaintiff did complete and could have been completed at his place of work.

43.     John Yancey has also failed to be truthful, because the plaintiff did travel to Newark NJ in approximately October, to meet with Newark HSI agents and an Assistant

United States Attorney (AUSA) in connection with an investigation that the plaintiff was involved with, there were days that the plaintiff was allowed to return to work for government business,…not true John Yancey. The plaintiff also performed extensive work in connection with investigations from home.

44.     The plaintiff looks forward to producing his gym records to the court. The operating surgeon permitted the plaintiff to return to the gym to workout with weights, approximately two months after the surgery. However, John Yancey and David Loerzel are trying to suggest that the plaintiff could not return to a modified work schedule based on a reasonable accommodation, …….yet the plaintiff was working out with weights at a gym.

45.     John Yancey has engaged in willful blindness of the unlawful behavior of David Loerzel, and John Yancey is in violation of agency policy, the Rehabilitation Act of 1973, and executive order 13164. John Yancey is subject to both civil and criminal penalties for engaging in willful blindness of the illegal behavior of David Loerzel.

46.     On or about October 1, 2024, John Dumas, Assistant Special Agent in Charge (ASAC), provided a response to questions by the EEO investigator. John Dumas, stated *"The complainant's entire management chain including his group Supervisor, RAC, ASAC, DSAC and SAC worked to minimize negative impacts on the claimant while OWCP considered his claims. We worked with the agency OWCP specialist at both the office and headquarters level,..*", …..completely false statement by John Dumas. Your illegal actions and failure to provide a reasonable accommodation have caused the plaintiff to suffer financial loss.

47.     Not sure who you spoke with, John Dumas, but Mary C. Brock made it very clear that, "...*Within this timeframe, Reasonable Accommodations can be an option until Mr. Morrisseys' claim has been officially approved. Reasonable Accommodations is something separate and apart from workers' compensation and will not affect his case.*"

48.     The plaintiff clearly beyond a reasonable doubt requested a reasonable accommodation from David Loerzel on multiple occasions, which is documented in a text message from the plaintiff to David Loerzel; "....on July 19, 2023, ... "*I can go back to work, but Tampa does not provide a reasonable accommodation while I am potentially recovering.*" David Loerzel was well aware of the plaintiff's request for reasonable accommodation, and if David Loerzel lied to you John Dumas, that's a you problem.

49.     John Dumas has engaged in willful blindness of the unlawful behavior of David Loerzel, and has violated agency policy, the Rehabilitation Act of 1973, and executive order 13164. It is very clear that the statements made by David Loerzel in this matter, do not match the evidence. And you, John Dumas, by law, have to remain ....*fair, impartial and neutral*....and should take issue with person's not telling the truth, and making illegal medical diagnoses. John Dumas is subject to both civil and criminal penalties for engaging in willful blindness of the unlawful behavior of David Loerzel.

50.     On or about October 21, 2024, Michael Cochran, Deputy Special Agent in Charge (DSAC), provided responses to questions by the EEO investigator, and Michael Cochran appears to be the most truthful of persons giving a statement.

51.     On or about October 21, 2024, Michael Cochran, was asked a question, #28 on page 6, "*Was there any other management official involved in the decision to allegedly*

*deny Complainant the opportunity to return to work during the period in questions? If so, please identify by full name, and job title, and state how they were involved."* Michael Cochran responded, *"each person in the Complainants management chain, generally, would have been apprised of decisions being made. This is not a hard and fast rule, however. Often times decisions are made at the first-and second-line supervisory level that never rise above that point in the chain of command."*

52.    From the statement made by Michael Cochran it is unclear to the plaintiff, whether Michael Cochran knew that David Loerzel violated the plaintiff's rights. It is unclear whether Michael Cochran was aware that David Loerzel was not truthful on his statement in regard to when the plaintiff made a request for a reasonable accommodation, and that Daivid Loerzel was making unlawful medical diagnosis'.

53.    The text communication on the government issued mobile phone utilized by David Loerzel is a record, and that record clearly states; *"I can go back to work, but Tampa does not provide a **reasonable accommodation** while I am potentially recovering."* Mary C. Brock made very clear, *"...Within this timeframe, **Reasonable Accommodations** can be an option until Mr. Morrisseys' claim has been officially approved. Reasonable Accommodations is something separate and apart from workers' compensation and will not affect his case."*

54.    On or about October 21, 2024, Michael Cochran, was asked a question, #29 on page 6, *"Please explain in detail why Complainant was denied the opportunity to return to work from May 3, 2023 through November 13, 2023?* Michael Cochran responded, *"During this time period, there was confusion as to the status of the Complainants OWCP claim which was filed in approximately 2018, ....therefore the complainants*

*ability to be on light duty based on a OWCP claim was in question…"* Michael Cochran, all you had to do was ask the plaintiff, the plaintiff would have advised you about the 2011 and 2018 reasonable accommodation he received from HSI Newark the plaintiff DEFINITELY advised David Loerzel of that information. If David Loerzel did not pass that on to you, you should then take issue with his unlawful behavior.

55.     HSI Tampa, Special Agent in Charge (SAC) John Condon signed a statement "…under the penalty of perjury…", on page 13, John Condon stated "*I am aware that the Complainant requested a reasonable accommodation on or about October 6, 2023, which was granted by the Agency on November 3, 2024.*" False statement John Condon, you have engaged in willful blindness of the illegal behavior of David Loerzel, making you just as guilty and you are responsible for your actions.

56.     John Condon signed a statement "…under the penalty of perjury…", on page 16, in which John Condon stated, "*I do not believe the Complainant was ever denied the opportunity to return to work during the period in question.*" Another false statement John Condon, …..David Loerzel denied the plaintiff's request to return to work, FACT John Condon. Why are you COVERING for David Loerzel, John Condon? Are you a civil rights violator John Condon? Do you condone civil rights violations and violations of law by your supervisors, John Condon?

### PLAINTIFF SATISFIED THE EEO ADMISNTRATIVE REQUIREMENTS

57.     On or about August 11, 2023, the plaintiff contacted a Program Analyst, from the Office of Diversity and Civil Rights, Complaints and Resolution Division, U.S. Immigration and Customs Enforcement, to initiate an EEO again DHS/HSI management in Tampa under the direction of Special Agent in Charge, John Condon knowing that

David Loerzel and management from HSI Tampa, was in violation of agency policy, the Rehabilitation Act of 1973, and executive order 13164.

58.     On or about December 7, 2023, Immigration and Customs Enforcement notified the plaintiff of the conclusion of thee EEO counseling and of Complainants right to file a formal complaint.

59.     On December 8, 2023, complainant filed the formal complaint at issue with an amendment filed on February 20, 2024.

60.     On June 10, 2024, Immigration and Customs Enforcement sent the plaintiff notification of their inability to complete the EEO investigation into the plaintiff's formal EEO complaint within the regulatory time frame.

61.     On August 29, 2024, Immigration and Customs Enforcement requested and plaintiff approved an extension to complete the formal investigation into the plaintiff's EEO filing.

62.     On December 6, 2024, Immigration and Customs Enforcement forwarded Complainant a copy of the Investigative File., providing Complainant with notice of Complainant's right to request a hearing before an EEOC Administrative Judge or, alternatively, to receive a Final Agency decision.

63.     On December 20, 2024, Complainant filed a request for a final agency decision.

64.     On December 23, 2024, DHS, Office of Civil rights and Civil Liberties received Immigration and Customs Enforcement's request for a final agency decision.

65.     On December 23, 2024, DHS, Office of Civil rights and Civil Liberties received Immigration and Customs Enforcement's request for a final agency decision.

66.     On January 28, 2025, Tenedia Davis, forwarded an email to the plaintiff regarding the EEO filing in this matter. Tenedia Davis forwarded an email giving the plaintiff the right to file a civil matter in Federal court against DHS.

## COUNT 1

## DISABILITY DISCRIMINATION

## VIOLATION OF THE REHABILITATION ACT

67.    Plaintiff realleges and reincorporates all prior allegations as if fully stated herein.

68.     As stated above, the Plaintiff requested a reasonable accommodation to return to work on a light and/or modified duty schedule while recovering from a work-related injury.

69.    The plaintiff has a disability as the result of a work-related injury.

70.    The Defendant failed to a reasonably accommodate the plaintiff in violation of agency policy, the Rehabilitation Act of 1973, and executive order 13164.

71.    Discovery will demonstrate that the Defendant has treated other employees differently than the plaintiff and the Defendant has provided reasonable accommodation to other employees, as required by law.

72.    There is no way for the Plaintiff to have that information absent such discovery, but the Plaintiff has a reasonable suspicion of such discrimination. There is no other logical explanation that the Plaintiff can think of for not being granted a reasonable accommodation.

73.    Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, hopelessness, shock, humiliation, insult, embarrassment, loss of self-esteem, self-worth, and professional reputation, economic damages, physical symptoms of pain and suffering and other personal damages.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. §2000e et seq., Title VII Retaliation)

74.     On or about February 2, 2010, the Plaintiff contacted the office of Senator Charles E. Schumer, to advise the Senator about the corruption that persists within DHS.

75.     On or about January 5, 2011, Richard Skinner, the former Inspector General for the Department of Homeland Security, responded in a letter to Senator Charles E. Schumer, where Richard Skinner, stated, "*As this matter relates to an open criminal investigation, we respectfully decline to provide any information regarding it.*" In other words, Richard Skinner and his agents were busy covering up their negligence, which resulted in multiple sexual assaults.

(*see; 1:25-cv-00291-SLS for refence into DHS/DHS OIG corruption*)

76.     Sometime in 2011, Peter T. Edge, the then HSI, Special Agent in Charge (SAC) Newark, NJ, later becoming the Executive Associate Director (EAD), for DHS/HSI. Went to the plaintiff's desk located on the 2ND floor in Newark, NJ, looked at the plaintiff, then looked at the name plate, then looked at the plaintiff, again and stated, "*So you are the one*".

77.     The plaintiff replied, words to the effect; *Yes I am the one, the one whose parents did their job, I am the one opposed to women being punched in the face, clothes ripped from their bodies, raped, punched in the face again, then told, tell whoever you want, who would believe the word of a n\*\*\*er over a white man*. Since that day, the cowards that infest DHS management to include HSI have continuously retaliated against the plaintiff. Peter T. Edge, John Condon, and Katrina Berger are former coworkers.

78.     Since that previously stated occurrence that happened on or about February 2, 2010, the plaintiff has been forced to file approximately twelve (12) EEO's against corrupt DHS

management officials, and this is the plaintiff fifth (5th) civil action in Federal court filed against corrupt DHS. DHS management has created a hostile work environment for the plaintiff.

79.    On or about November 14, 2023, Tonya Yarboro, submitted a false affidavit to the Federal courts in connection with Federal civil court case 1:23-cv-01891-TJK, in which Tonya Yarboro falsely stated when the plaintiff initiated EEO contact in this matter. Tonya Yarbor, falsely stated; "*Records demonstrate Mr. Morrissey contacted the EEO on September 29, 2023, alleging retaliation and failure to provide a reasonable accommodation....*" The record clearly shows that the plaintiff contacted the EEO office on August 11, 2023. The date Tonya Yarbor provided, might give a false impression that the plaintiff does not care about his civil rights being violated by DHS officials, which is definitely not true.

80.        On or about November 14, 2023, Shadarius Gregg, submitted a false affidavit to the Federal courts in connection with Federal civil court case 1:23-cv-01891-TJK, in which Shadarius Gregg falsely stated; "*Records demonstrate a request for a reasonable accommodation was made for Mr. Morrissey on October 6, 2023, verbally to his supervisor, David M Loerzel:....*", Absolutely false, the evidence clearly shows that date is not correct, and further attempt by HSI Tampa management and David Loerzel to cover up unlawful and illegal behavior. False information has been submitted to a Federal court and a Federal judge, for the purpose of further concealing illegal violations of agency policy, the Rehabilitation Act of 1973, and executive order 13164.

## . **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment in his favor against defendants as follows:

1.      Grant judgement in favor of the plaintiff and declare that defendant, Kristi Noem Secretary, Department of Homeland Security and DHS employees under her direction, violated the Rehabilitation Act, and retaliate/retaliated against the plaintiff;

2.      Enjoin defendant Kristi Noem Secretary, Department of Homeland Security and DHS employees under her direction, from engaging in discriminatory employment practices, policies and procedures that violate the Rehabilitation Act, and a from further retaliating against the plaintiff;

3.      Award all appropriate monetary relief to the plaintiff, the plaintiff is seeking $25,000,000 in damages, to make the plaintiff whole again as a result of the discrimination, prolonged harassment and retaliation alleged in the complaint,

4.      Award all appropriate attorney's fees that may be incurred as a result of this action, and any future attorney's fees the plaintiff may incur, to include any and all legal fees;

5.     Award all appropriate monetary relief to the plaintiff, to make the plaintiff whole again for losses suffered as a result of the discrimination alleged in this complaint, including annual leave used in lew of sick leave, either restore all annual leave used as a result of the illegal behavior or pay the plaintiff the dollar amount equal to annual leave used, also, including sick leave used, either restore all sick leave used as a result of the illegal behavior or pay the plaintiff the dollar amount equal to sick leave used, the plaintiff was capable of working DHS HSI Tampa management illegally denied the plaintiff the right to work, award damages for emotional distress, and any other damages deemed necessary to make the plaintiff whole again, lost benefits, other economic damages, shame, humiliation, embarrassment and mental distress;

6.     Granting such further and additional relief as the Court deems just and proper, as the interests of justice may require.

Dated:     Dulles, Virginia
           April 23, 2025

By:_____

James P. Morrissey